**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Enerplus Resources (USA) Corporation, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |
| vs. | ) ) | |
| Wilbur D. Wilkinson, an individual; Three Affiliated Tribes, Fort Berthold District Court; Reed Alan Soderstrom, agent for Wilbur D. Wilkinson; and Ervin J. Lee, an individual, | ) ) ) ) ) ) | Case No. 1:16-cv-103 |
| Defendants. | ) ) | |
| and | ) ) | |
| Ervin J. Lee, an individual, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Reed Soderstrom, an individual; MHA Nation Supreme Court; Three Affiliated Tribes; and Fort Berthold Tribal District Court, | ) ) ) ) | |
| Third-Party Defendants. | ) ) | |
| and | ) ) | |
| Ervin J. Lee, an individual, | ) ) | |
| Cross-Claimant | ) ) | |
| vs. | ) ) | |
| Wilbur D. Wilkinson, an individual, | ) ) | |
| Cross-Defendant. | ) | |

Before the Court is the Plaintiff's motion for a preliminary injunction.  <u>See</u> Docket No. 3. The Plaintiff seeks a preliminary injunction (1) prohibiting Wilbur D. Wilkinson from prosecuting any lawsuits in Tribal Court arising from or related to the Settlement Agreement, the ORRI Assignment and/or the Wilkinson Division order in Tribal Court, (2) prohibiting the Tribal Court from exercising jurisdiction over the Plaintiff in a case Wilkinson filed against the Plaintiff in Tribal Court, and (3) an order requiring Reed Soderstrom to deposit "Excess Money" allegedly paid by the Plaintiff to Soderstrom on behalf of Wilkinson and Ervin Lee into the Court pending final resolution of this matter.  The Defendants Wilbur Wilkinson and Reed Soderstrom filed a combined response in opposition to the motion for a preliminary injunction and motion to dismiss on June 13, 2016.  <u>See</u> Docket No. 10.  The Plaintiff filed a combined reply in support of the motion for preliminary injunction and response to the motion to dismiss on July 11, 2016.  <u>See</u> Docket No. 19.

Ervin Lee filed a motion for a preliminary injunction on July 25, 2016.  <u>See</u> Docket No. 25.  Lee also seeks to have the "Excess Money" paid into the Court pending final resolution of this case, along with an order prohibiting Wilkinson from prosecuting any lawsuits in Tribal Court arising from or related to the Settlement Agreement, the ORRI Assignment and/or the Lee Division Order and the Wilkinson Division order in Tribal Court, and an order prohibiting the Tribal Court from exercising jurisdiction over Lee in a case Wilkinson filed against Lee in Tribal Court.  The Defendants Wilbur Wilkinson and Reed Soderstrom filed a combined response in opposition to Lee's motion for a preliminary injunction and motion to dismiss on August 8, 2016.  <u>See</u> Docket No. 36.  Defendant, Three Affiliated Tribes, Fort Berthold District Court has failed to respond to the complaint or the Plaintiff's request for a preliminary injunction.

A hearing on the motions was held on August 24, 2016.  For the reasons set forth below, the Plaintiff's motion for a preliminary injunction is granted.  The motion to dismiss and motion to bifurcate filed by Wilkinson and Soderstrom are denied.

I.      **BACKGROUND**

The Plaintiff, Enerplus Resources (USA) Corporation ("Enerplus"), is a Delaware corporation whose principal place of business is located in Denver, Colorado.  Enerplus is primarily engaged in the oil and gas exploration business and is authorized to do business as a foreign corporation in the state of North Dakota.  Wilbur Wilkinson is an individual residing at in Garrison, North Dakota, and a citizen of the state of North Dakota.  The Three Affiliated Tribes Fort Berthold District Court ('Tribal Court") is a Tribal Court sitting on the Fort Berthold Indian Reservation in North Dakota.  Reed Soderstrom is an attorney at Pringle & Herigstad, P.C., in Minot, North Dakota, and a citizen of North Dakota.  Ervin Lee is an attorney and individual residing in Minot, North Dakota, and a citizen of the state North Dakota.

In September 2008, Wilkinson filed a lawsuit against Peak North Dakota, LLC ("Peak North") and others in Tribal Court.  Lawsuits involving Peak North and Wilkinson were filed in a number of other courts as well.  On October 31, 2008, the Tribal Court dismissed the lawsuit because it lacked jurisdiction as a result of the forum selection clauses in the agreements by and between Peak North and Wilkinson.  See Docket No. 1-2.  On or about October 4, 2010, Peak North and Wilkinson, among others, entered into a "Settlement Agreement, Full Mutual Release, Waiver of Claims and Covenant Not to Sue" (the "Settlement Agreement") which resolved all the lawsuits, whereby Peak North agreed to assign to Wilkinson a 0.5% of 8/8ths overriding

royalty interest in certain oil and gas leases located in North Dakota.  <u>See</u> Docket No. 1-3.  Lee represented Wilkinson during the negotiation of the Settlement Agreement.  Ten percent (10%) of Wilkinson's overriding royalty interest was assigned to Lee as part of the Settlement Agreement.  In the Settlement Agreement, Peak North and Wilkinson agreed that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue."  <u>See</u> Docket No.1-3, ¶ 7.

Pursuant to the Settlement Agreement and by way of an Assignment of Overriding Royalty Interest dated October 4, 2010, ("ORRI Assignment"), Peak North assigned to Wilkinson a 0.45% of 8/8ths overriding royalty interest and Lee .0.05% of 8/8ths overriding royalty interest , proportionately reduced accordingly, in the oil and gas leases in North Dakota. <u>See</u> Docket No. 1-4.  The ORRI Assignment provides that all disputes arising from the ORRI Assignment "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither Assignor [n]or Assignee shall have the right to contest jurisdiction or venue."  <u>See</u> Docket No. 1-4, ¶ 6.

In conjunction with the execution of the Settlement Agreement and the ORRI Assignment, Wilkinson and Lee both executed "Division Orders" dated October 4, 2010.  <u>See</u> Docket Nos. 1-5 and 1-6.  Both Division Orders provide that all disputes arising from the Division Order "and/or the transactions contemplated herein shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and

such courts shall have exclusive jurisdiction hereunder and Interest Owner shall not have the right to contest jurisdiction or venue." <u>See</u> Docket Nos. 1-5 and 1-6, p. 3.

In December 2010, Peak North merged with and into Enerplus, with Enerplus being the surviving entity. Around this same time an attorney fee dispute arose between Wilkinson and Lee relating to the Settlement Agreement. On or about December 10, 2010, Wilkinson filed suit against Lee in Tribal Court, in a case styled <u>Wilbur D. Wilkinson v. Ervin J. Lee</u>, Civil No. CV-2010-0673. <u>See</u> Docket No. 24-17. Wilkinson alleged Lee breached the Settlement Agreement and demanded the return of $140,000. In February 2011, the Tribal Court ordered that all future payments due from Peak North to Wilkinson and Lee be deposited into the trust account of Wilkinson's attorney, Reed Soderstrom (the "IOLTA Payment Order"). <u>See</u> Docket No. 1-6. The Tribal Court denied Lee's motion to dismiss for lack of jurisdiction and Lee appealed. <u>See</u> Docket Nos. 24-27 and 24-28. On August 31, 2015, MHA Nation Supreme Court affirmed the Tribal Court's jurisdictional ruling. <u>See</u> Docket No. 24-31. The MHA Supreme Court reaffirmed its jurisdictional ruling on November 30, 2015. <u>See</u> Docket No. 24-34.

Between August 2014 and October 2015, when paying the overriding royalty interest amount due to Wilkinson and Lee, collectively, the Enerplus accounting department, through clerical error, authorized the total deposit of $2,991,425.25 into Soderstrom's IOLTA account. Enerplus was only required to deposit a total of $29,914.10. As a result, Enerplus overpaid Wilkinson and Lee, collectively, by **$2,961,511.15** (the "Excess Money"). <u>See</u> Docket Nos. 1-5 and 1-7. The Excess Money remains in the IOLTA account of Soderstrom, who refuses to return it.

On or about February 29, 2016, Wilkinson filed suit against Enerplus in Tribal Court in a case styled <u>Wilbur D. Wilkinson v. Enerplus Resources Corporation</u>, Civil No. CV-2016-0079 (the "Tribal Court Case"), alleging Enerplus has breached the Settlement Agreement by not fully paying Wilkinson as required by the Settlement Agreement.  <u>See</u> Docket No. 1-8.  Enerplus commenced the current action in federal court on May 4, 2016.  <u>See</u> Docket No. 1.  Enerplus seeks the return of the Excess Money and an order declaring the Tribal Court lacks jurisdiction over disputes relating to the Settlement Agreement and the ORRI Assignment.

## II.   LEGAL DISCUSSION

### A.   PRELIMINARY INJUNCTION

The Plaintiffs seek a preliminary injunction pursuant to Rule 65(a) of the Federal Rules of Civil Procedure.  The primary purpose of a preliminary injunction is to preserve the status quo until a court can grant full, effective relief upon a final hearing.  <u>Ferry-Morse Seed Co. v. Food Corn, Inc.</u>, 729 F.2d 589, 593 (8th Cir. 1984).  A preliminary injunction is an extraordinary remedy, with the burden of establishing the necessity of a preliminary injunction placed on the movant.  <u>Watkins Inc. v. Lewis</u>, 346 F.3d 841, 844 (8th Cir. 2003); <u>Baker Elec. Coop., Inc. v. Chaske</u>, 28 F.3d 1466, 1472 (8th Cir. 1994); <u>Modern Computer Sys., Inc. v. Modern Banking Sys., Inc.</u>, 871 F.2d 734, 737 (8th Cir. 1989).  The court determines whether the movant has met its burden of proof by weighing the factors set forth in <u>Dataphase Systems, Inc., v. C L Systems, Inc.</u>, 640 F.2d 109, 114 (8th Cir. 1981).  The *Dataphase* factors include "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will

succeed on the merits; and (4) the public interest." Id.  "No single factor in itself is dispositive; in each case all of the factors must be considered to determine whether on balance they weigh towards granting the injunction." Baker Elec. Coop., Inc., 28 F.3d at 1472 (quoting Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc., 815 F.2d 500, 503 (8th Cir. 1987)); see CDI Energy Servs., Inc. v. W. River Pumps, Inc., 567 F.3d 398, 401-03 (8th Cir. 2009).


### 1.      PROBABILITY OF SUCCESS ON THE MERITS

When evaluating a movant's "likelihood of success on the merits," the court should "flexibly weigh the case's particular circumstances to determine 'whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined.'" Calvin Klein Cosmetics Corp., 815 F.2d at 503 (quoting Dataphase, 640 F.2d at 113).  At this preliminary stage, the Court need not decide whether the party seeking injunctive relief will ultimately prevail.  PCTV Gold, Inc. v. SpeedNet, LLC, 508 F.3d 1137, 1143 (8th Cir. 2007).  Although a preliminary injunction cannot be issued if the movant has no chance on the merits, "the Eighth Circuit has rejected a requirement as to a 'party seeking preliminary relief prove a greater than fifty per cent likelihood that he will prevail on the merits.'" Id. (quoting Dataphase, 640 F.2d at 113).  The Eighth Circuit has also held that of the four factors to be considered by the district court in considering preliminary injunctive relief, the likelihood of success on the merits is "most significant." S & M Constructors, Inc. v. Foley Co., 959 F.2d 97, 98 (8th Cir. 1992).

The Court must consider the substantive claims in determining whether Enerplus has a likelihood of success on the merits.  Enerplus alleges four causes of action, including: injunctive

relief, declaratory judgment, equitable restitution, and accounting.  See Docket No. 1.  Lee alleges causes of action for declaratory judgment, injunctive relief, breach of contract, tortious interference with contract, promissory estoppel, and unjust enrichment.  See Docket No. 24.  A likelihood of success on the merits of even one claim can be sufficient to satisfy the "likelihood of success" *Dataphase* factor.  See Nokota Horse Conservancy, Inc. v. Bernhardt, 666 F. Supp. 2d 1073, 1078-80 (D.N.D. 2009).

The Court finds Enerplus has a strong likelihood of success on its claims against the Defendants.  Based on the record before the Court, it appears Enerplus overpaid Wilkinson and Lee the sum of **$2,961,511.15**.  This clearly occurred as a result of clerical error made by Enerplus' accounting office.  There does not appear to be any valid reason why the Excess Money should not be returned to Enerplus.  The Defendants' argument that the Settlement Agreement and its forum selection clause do not apply to the current dispute is nonsensical given the indisputable fact that Enerplus paid the Excess Money into Soderstrom's IOLTA account in order to satisfy its obligations under the Settlement Agreement and through a clerical error, paid far too much.  Nor is there any merit to the Defendants' argument that the merger of Peak North and Enerplus somehow invalidated the Settlement Agreement.

In addition, given the forum selection clauses in the Settlement Agreement, the ORRI Assignment, and the Division Orders, it appears likely Enerplus will prevail on their claims that the Tribal Court lacks jurisdiction over the case.  "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)).  A forum selection clause is

enforceable unless it "would actually deprive the opposing party of his fair day in court." <u>Id.</u> (citing <u>Carnival Cruise Lines, Inc. v. Shute</u>, 499 U.S. 585, 590-95 (1991)).  The tribal exhaustion doctrine does not apply when the contracting parties have included a forum selection clause in their agreement.  <u>See</u> <u>FGS Constructors, Inc. v. Carlow</u>, 64 F.3d 1230, 1233 (8th Cir. 1995) (exhaustion of tribal court remedies is not required when a valid forum selection clause provides for disputes to be litigated elsewhere); <u>Larson v. Martin</u>, 386 F. Supp. 2d 1083, 1088 (D.N.D. 2005) ("when the negotiating parties have agreed to an appropriate forum, exhaustion of tribal remedies is not required").  It is clear from the record that every party to the dispute agreed to the forum selection clauses at issue.  Further, the Tribal Court told the parties back on October 31, 2008, to "duke it out in another court." <u>See</u> Docket No. 1-2.  The Court finds this *Dataphase* factor weighs strongly in favor of the issuance of a preliminary injunction.


### 2.        IRREPARABLE HARM

"The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."  <u>Bandag, Inc. v. Jack's Tire & Oil, Inc.</u>, 190 F.3d 924, 926 (8th Cir. 1999).  It is well-established that when there is an adequate remedy at law, a preliminary injunction is not appropriate.  <u>Modern Computer Sys., Inc.</u>, 871 F.2d at 738.  To demonstrate irreparable harm, a plaintiff must show the harm is not compensable through an award of monetary damages.  <u>Glenwood Bridge, Inc. v. City of Minneapolis</u>, 940 F.2d 367, 371 (8th Cir. 1991); <u>Doe v. LaDue</u>, 514 F. Supp. 2d 1131, 1135 (D. Minn. 2007) (citing <u>Northland Ins. Co. v. Blaylock</u>, 115 F. Supp. 2d 1108, 1116 (D. Minn. 2000)).  The Eighth Circuit has explained that a district court can presume irreparable harm if the movant is likely to succeed on the merits.

Calvin Klein Cosmetics Corp., 815 F.2d at 505 (citing Black Hills Jewelry Mfg. Co. v. Gold Rush, Inc., 633 F.2d 746, 753  (8th Cir. 1980)).

In this case, the irreparable harm the Plaintiffs will suffer is being forced to engage in expensive and time-consuming litigation in a forum it did not bargain for while being deprived of the benefits of the Excess Money which the Defendants clearly have no right to keep.  These harms are real and ongoing and, given the Court's finding of a strong likelihood of success on the merits, the Court finds Enerplus has clearly demonstrated it will suffer irreparable harm if a preliminary injunction is not granted.  In addition, Enerplus will be harmed if forced to defend itself from Tribal Court actions which Wilkinson has filed against them despite the clear forum selection clauses which call for disputes to be resolved in the state or federal courts in North Dakota – not in Tribal Court.  This *Dataphase* factor weighs in favor of the issuance of a preliminary injunction.

### 3.   **BALANCE OF HARMS**

The balance of harm factor requires consideration of the balance between the harm to the movant and the injury the injunction's issuance would inflict on other interested parties.  Pottgen v. Mo. State High Sch. Activities Ass'n, 40 F.3d 926, 929 (8th Cir. 1994).  While the irreparable harm factor focuses on the harm or potential harm to the plaintiff, the balance of harm factor analysis examines the harm to all parties to the dispute and other interested parties, including the public.  Dataphase, 640 F.2d at 114; Glenwood Bridge, 940 F.2d at 372.

Wilkinson clearly bargained for and agreed by contract that any disputes arising out of the Settlement Agreement to be heard in the state or federal courts in North Dakota.  Thus, he

suffers no harm by prohibiting him from continuing the Tribal Court case.  Wilkinson has not identified any entitlement to the Excess Money.  No harm to the other parties to this action have been identified.  The harms incurred by Enerplus are explained above.  The Court has carefully considered the balance of harms *Dataphase* factors and finds the harm to Enerplus if a preliminary injunction is not granted far outweighs any harm the Defendants will suffer if a preliminary injunction is granted.  The Court finds this *Dataphase* factor weighs in favor of the issuance of a preliminary injunction.

### 4.   PUBLIC INTEREST

Granting preliminary injunctive relief is only proper if the moving party establishes that entry of an injunction would serve the public interest.  Dataphase, 640 F.2d at 113.  The Court recognizes the public has an interest in requiring the repayment of money paid by mistake.  See Richland Cty. v. State, 180 N.W.2d 649, 655 (N.D. 1970).  In addition, the public has an interest in protecting the freedom to contract by enforcing contractual rights and obligations.  See PCTV Gold, 508 F.3d at 1145.  The Court finds this *Dataphase* factors weigh in favor of the issuance of a preliminary injunction.

### III.   CONCLUSION

After a careful review of the entire record, and a careful consideration of all of the *Dataphase* factors, the Court finds the *Dataphase* factors, when viewed in their totality, weigh in favor of the issuance of a preliminary injunction, and the Plaintiff has met their burden of establishing the necessity of a preliminary injunction.  Accordingly, the Plaintiff's motion for a

preliminary injunction (Docket No. 3) is **GRANTED**.  Having determined the Plaintiff is likely to succeed on the merits and a preliminary injunction is warranted, there is clearly no basis for dismissal under Rule 12.  Accordingly, the Defendants motion to dismiss (Docket No. 9) is **DENIED**.  The Court orders as follows:

Until further order of the Court, the Defendants are enjoined as follows:

(1) Wilbur D. Wilkinson is prohibited from prosecuting any lawsuits in Fort Berthold District Court or Tribal Court arising from or related to the Settlement Agreement, the ORRI Assignment, and/or the Wilkinson and Lee Division orders.

(2) The Fort Berthold District Court is prohibited from exercising jurisdiction over Enerplus Resources (USA) Corporation in the Tribal Court case entitled Wilbur D. Wilkinson v. Enerplus Resources Corporation, Civil No. CV-2016-0079.

(3) Reed Alan Soderstrom shall transfer the "Excess Money" **($2,961,511.15)** held in his trust account, which was mistakenly paid by Enerplus Resources (USA) Corporation, to the United States District Court for deposit in the registry of this Court pending final resolution of this matter.  The custodian of the Court Registry Investment System (CRIS) is authorized to deduct the service fee and Registry fee, without further order of the Court.  A check made payable to the United States District Court must be forwarded to the Fargo clerk's office for deposit.

**IT IS SO ORDERED**.

Dated this 30th day of August, 2016.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court