IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Enerplus Resources (USA) Corporation, a Delaware corporation, | ) ) ) | |
| Plaintiff, | ) ) ) | **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) | |
| Wilbur D. Wilkinson, an individual; Three Affiliated Tribes, Fort Berthold District Court; Reed Alan Soderstrom, agent for Wilbur D. Wilkinson; and Ervin J. Lee, an individual, | ) ) ) ) ) ) ) | Case No. 1:16-cv-103 |
| Defendants. | ) ) | |
| and | ) ) | |
| Ervin J. Lee, an individual, | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| Reed Soderstrom, an individual; MHA Nation Supreme Court; Three Affiliated Tribes; and Fort Berthold Tribal District Court, | ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |
| and | ) ) | |
| Ervin J. Lee, an individual, | ) ) | |
| Cross-Claimant | ) ) | |
| vs. | ) ) | |
| Wilbur D. Wilkinson, an individual, | ) ) | |
| Cross-Defendant. | ) | |

Before the Court is Plaintiff Enerplus Resources (USA) Corporation's ("Enerplus") motion for summary judgment filed on January 13, 2017. See Docket No. 62. Defendants Wilbur Wilkinson and Reed Soderstrom filed a response in opposition to the motion on February 2, 2017. See Docket No. 70. Enerplus filed a reply brief on February 14, 2017. See Docket No. 73. For the reasons set forth below, Eneplus' motion for summary judgment is granted.

I.  **BACKGROUND**

Enerplus is a Delaware corporation whose principal place of business is located in Denver, Colorado. Enerplus is primarily engaged in the oil and gas exploration business and is authorized to do business as a foreign corporation in the state of North Dakota. Wilbur Wilkinson is an individual residing in Garrison, North Dakota, and a citizen of the state of North Dakota. The Three Affiliated Tribes Fort Berthold District Court ("Tribal Court") is a Tribal Court sitting on the Fort Berthold Indian Reservation in North Dakota. Reed Soderstrom is an attorney at Pringle & Herigstad, P.C., in Minot, North Dakota, and a citizen of North Dakota. Ervin Lee is an attorney and individual residing in Minot, North Dakota, and a citizen of the state of North Dakota.

In September 2008, Wilkinson filed a lawsuit against Peak North Dakota, LLC ("Peak North") and others in Tribal Court. Lawsuits involving Peak North and Wilkinson were filed in a number of other courts as well. On October 31, 2008, the Tribal Court dismissed the lawsuit because it lacked jurisdiction as a result of the forum selection clauses in the agreements between Peak North and Wilkinson. See Docket No. 1-2. On or about October 4, 2010, Peak North and Wilkinson, among others, entered into a "Settlement Agreement, Full Mutual Release, Waiver of Claims and Covenant Not to Sue" (the "Settlement Agreement") which resolved all the lawsuits, whereby Peak North agreed to assign to Wilkinson a 0.5% of 8/8ths overriding royalty interest in

2

certain oil and gas leases located in North Dakota. See Docket No. 1-3. Lee represented Wilkinson during the negotiation of the Settlement Agreement. Ten percent (10%) of Wilkinson's overriding royalty interest was assigned to Lee as part of the Settlement Agreement. In the Settlement Agreement, Peak North and Wilkinson agreed that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." See Docket No.1-3, ¶ 7.

Pursuant to the Settlement Agreement and by way of an Assignment of Overriding Royalty Interest dated October 4, 2010, ("ORRI Assignment"), Peak North assigned to Wilkinson a 0.45% of 8/8ths overriding royalty interest and Lee 0.05% of 8/8ths overriding royalty interest, proportionately reduced accordingly, in the oil and gas leases in North Dakota. See Docket No. 1-4. The ORRI Assignment provides that all disputes arising from the ORRI Assignment "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither Assignor [n]or Assignee shall have the right to contest jurisdiction or venue." See Docket No. 1-4, ¶ 6.

In conjunction with the execution of the Settlement Agreement and the ORRI Assignment, Wilkinson and Lee both executed "Division Orders" dated October 4, 2010. See Docket Nos. 1-5 and 1-6. Both Division Orders provide that all disputes arising from the Division Order "and/or the transactions contemplated herein shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and Interest Owner shall not have the right to contest jurisdiction or venue."

See Docket Nos. 1-5 and 1-6, p. 3.

In December 2010, Peak North merged with Enerplus, with Enerplus being the surviving entity. See Docket No. 67-1. Around this same time an attorney fee dispute arose between Wilkinson and Lee relating to the Settlement Agreement. On or about December 10, 2010, Wilkinson filed suit against Lee in Tribal Court, in a case styled Wilbur D. Wilkinson v. Ervin J. Lee, Civil No. CV-2010-0673. See Docket No. 24-17. Wilkinson alleged Lee breached the Settlement Agreement and demanded the return of $140,000. In February 2011, the Tribal Court ordered that all future payments due from Peak North to Wilkinson and Lee be deposited into the trust account of Wilkinson's attorney, Reed Soderstrom (the "IOLTA Payment Order"). See Docket No. 1-6. The Tribal Court denied Lee's motion to dismiss for lack of jurisdiction, and Lee appealed. See Docket Nos. 24-27 and 24-28. On August 31, 2015, MHA Nation Supreme Court affirmed the Tribal Court's jurisdictional ruling. See Docket No. 24-31. The MHA Supreme Court reaffirmed its jurisdictional ruling on November 30, 2015. See Docket No. 24-34.

Between September 2014 and October 2015, when paying the overriding royalty interest amount due to Wilkinson and Lee, collectively, the Enerplus accounting department, through clerical error, authorized the total deposit of $2,991,425.25 into Soderstrom's IOLTA account. Enerplus was only required to deposit a total of $29,914.10. As a result, Enerplus overpaid Wilkinson and Lee, collectively, by **$2,961,511.15** (the "Excess Money"). See Docket Nos. 1-5 and 1-7. After Enerplus discovered the overpayment, it contacted Wilkinson and Soderstrom in December 2015, and requested the money be returned. Wilkinson and Soderstrom refused to return the Excess Money.

On or about February 29, 2016, Wilkinson filed suit against Enerplus in Tribal Court in a case styled Wilbur D. Wilkinson v. Enerplus Resources Corporation, Civil No. CV-2016-0079 (the

4

"Tribal Court Case"), alleging Enerplus has breached the Settlement Agreement by not fully paying Wilkinson as required by the Settlement Agreement. See Docket No. 1-8. Enerplus commenced the current action in federal court on May 4, 2016. See Docket No. 1.

On August 30, 2016, this Court entered a preliminary injunction requiring the Excess Money to be deposited with the Court. See Docket No. 48. The Excess Money was deposited with the Court on October 11, 2016, and remains in the Court's registry account. Wilkinson and Soderstrom appealed the preliminary injunction but this Court refused to stay the case pending the appeal. See Docket Nos. 49 and 55. Enerplus has moved for summary judgment as to the Excess Money. See Docket No. 62. Wilkinson and Soderstrom oppose the motion. See Docket No. 70. Lee has not responded.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion

and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

## III. LEGAL DISCUSSION

It is well-established in North Dakota "that a payment made under the influence of a mistake of fact may be recovered provided that the payment has not caused the payee to change his position to his detriment." Rohrville Farmers Union Elevator Co. v. Frison, 42 N.W.2d 354, 356 (N.D. 1950) (internal citations omitted). The North Dakota Supreme Court has long held that, where a party in good faith and by mistake of fact, paid money to second party which the second party was not entitled to either legally or morally, an implied promise to repay such money arises immediately upon the mistaken payment. James River Nat. Bank of Jamestown v. Weber, 124 N.W. 952, 954 (N.D. 1910) (noting a proposition so elementary requires no citation of authority); see also Jacobson v. Mohall Telephone Co., 157 N.W. 1033, 1036 (N.D. 1916) (holding money paid by mistake "which in law, honor, or conscience was not due" and "which in honor or good conscience ought not to be retained" must be repaid); Chrysler Light & Power Co. v. City of Belfield, 224 N.W. 871, 872 (N.D. 1929) (noting "[a] right of action at law to recover moneys paid under mistake does not arise out of contract of the parties, but out of an obligation imposed by law upon the recipient of the money to return the same to the rightful owner").

The principle is codified under North Dakota law as well:

One who obtains a thing without the consent of its owner, or by a consent afterwards rescinded, or by an unlawful exaction which the owner at the time could not refuse with prudence, shall restore it without demand to the person from whom it was obtained except in the following cases:

  1. When the person has acquired a title thereto superior to that of the person from whom the property was taken;

  2. When the transaction is corrupt and unlawful on both sides; or

  3. When a thing is obtained by mutual mistake, and in such case the party obtaining the thing is not bound to return it until that person has notice of the mistake.

N.D.C.C. § 9-10-05.

One learned treatise has stated the rules as follows:

A payment made under a mistake of fact caused by forgetfulness or inadvertence may be recovered, where the person to whom the payment is made is not entitled to it and cannot in good conscience retain it. Lack of due care will not serve to bar an action for restitution of funds mistakenly paid where no damage to the payee has resulted. Thus, a person who has conferred a benefit on another by mistake is not precluded from maintaining an action for restitution by the fact that the mistake was due to lack of care. The carelessness of a payor is not a sufficient reason for equity to deny recovery of an unjust gain even if the payor had the means of ascertaining the true facts and was not diligent in employing such means.

66 Am. Jur. 2d Restitution and Implied Contracts § 130 (2017).

These principles are simple and straightforward, and when applied to this case, clearly compel the Wilkinson and Soderstrom to return the Excess Money to Enerplus. By virtue of a simple clerical error, Enerplus miscalculated the overriding royalty payments to Wilkinson and Lee. The mistake resulted in **$2,961,511.15** in excess payments being deposited in Soderstrom's trust account. Upon discovery of the clerical error, Enerplus immediately notified Wilkinson and Soderstrom and requested that the Excess Money be returned. Remarkably, Wilkinson and Soderstrom refused. The Excess Money remained in Soderstrom's IOLTA account until the Court

ordered it paid into the Court's registry account, pending final resolution of the case. These facts are undisputed and indisputable. Wilkinson and Soderstrom claim no legal or moral entitlement to the Excess Money. Rather, they argue Enerplus lacks standing and discovery is not complete.

According to the Court's scheduling order, fact discovery was to be completed by January 31, 2017. See Docket No. 58. Wilkinson and Soderstrom did not serve any discovery requests or deposition notices on the Plaintiff prior to the close of discovery. With the time for discovery closed and having failed to pursue discovery, they cannot oppose summary judgment on the basis that discovery is not yet complete.

As for standing, Wilkinson and Soderstrom make the confusing claim that the merger of Peak North and Enerplus was not approved by the Secretary of the Interior and this somehow deprives Enerplus of standing. Wilkinson and Soderstrom cite no legal authority for their argument which confuses the principles of merger and assignment. The Court rejected this argument when it denied their motion to dismiss and granted a preliminary injunction. See Docket No. 48, p. 8. The contention has not improved with age. Because Enerplus and Peak North merged, there was no assignment of any oil and gas leases for the Secretary of the Interior to approve, if indeed such approval is required. Prior to the merger, Enerplus owed no royalties to Wilkinson and Lee, as the obligation was solely that of Peak North. Enerplus, having merged with Peak North and having made the mistaken overpayment, clearly has standing. Wilkinson and Soderstrom have no legal right to retain the Excess Money and it must be returned to Enerplus.

**IV.     CONCLUSION**

The Court has carefully reviewed the parties' submissions, and the entire record, and

concludes Enerplus is entitled to have the Excess Money, paid to the Defendants by mistake, returned to it. Accordingly, the Plaintiff's motion for summary judgment (Docket No. 62) is **GRANTED**. The Defendant's motion for a hearing (Docket No. 72) is **DENIED**.

    **IT IS SO ORDERED**.

    Dated this 23rd day of February, 2017.

                                       */s/ Daniel L. Hovland*
                                       Daniel L. Hovland, Chief Judge
                                       United States District Court