# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Enerplus Resources (USA) Corporation, a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) **ORDER GRANTING PLAINTIFF'S** ) **MOTION FOR SUMMARY JUDGMENT** |
| vs. | ) ) |
| Wilbur D. Wilkinson, an individual; Three Affiliated Tribes, Fort Berthold District Court; Reed Alan Soderstrom, agent for Wilbur D. Wilkinson; and Ervin J. Lee, an individual, | ) Case No. 1:16-cv-103 ) ) ) ) ) ) |
| Defendants. | ) ) |
| and | ) ) |
| Ervin J. Lee, an individual, | ) ) |
| Third-Party Plaintiff, | ) ) |
| vs. | ) ) |
| Reed Soderstrom, an individual; MHA Nation Supreme Court; Three Affiliated Tribes; and Fort Berthold Tribal District Court, | ) ) ) ) ) |
| Third-Party Defendants. | ) ) |
| and | ) ) |
| Ervin J. Lee, an individual, | ) ) |
| Cross-Claimant | ) ) |
| vs. | ) ) |
| Wilbur D. Wilkinson, an individual, | ) ) |
| Cross-Defendant. | ) |

Before the Court is Plaintiff Enerplus Resources (USA) Corporation's ("Enerplus") motion for summary judgment filed on April 13, 2017. See Docket No. 78. Defendant Wilbur Wilkinson filed a response in opposition to the motion on May 4, 2017. See Docket No. 84. Ervin Lee did not respond to the motion. Enerplus filed a reply brief on May 10, 2017. See Docket No. 85. Also before the Court is Enerplus' motion for attorney fees on appeal remanded to this Court by the Eighth Circuit Court of Appeals pursuant to Rule 47C(b) of the Federal Rules of Appellate Procedure. See Docket Nos. 89 and 90. For the reasons set forth below, Enerplus' motion for summary judgment and motion for appellate attorney fees are granted.

I. **BACKGROUND**

Enerplus is a Delaware corporation whose principal place of business is located in Denver, Colorado. Enerplus is primarily engaged in the oil and gas exploration business and is authorized to do business as a foreign corporation in the state of North Dakota. Wilbur Wilkinson is an individual residing in Garrison, North Dakota, and a citizen of the state of North Dakota. The Three Affiliated Tribes Fort Berthold District Court ("Tribal Court") is a Tribal Court sitting on the Fort Berthold Indian Reservation in North Dakota. Reed Soderstrom is an attorney at Pringle & Herigstad, P.C., in Minot, North Dakota, and a citizen of North Dakota. Ervin Lee is a former attorney and a citizen of the state of North Dakota.

In September 2008, Wilkinson filed a lawsuit against Peak North Dakota, LLC ("Peak North") and others in Tribal Court. Lawsuits involving Peak North and Wilkinson were filed in a number of other courts as well. On October 31, 2008, the Tribal Court dismissed the lawsuit because it lacked jurisdiction as a result of the forum selection clauses in the agreements between Peak North and Wilkinson. See Docket No. 1-2. On or about October 4, 2010, Peak North and

Wilkinson, among others, entered into a "Settlement Agreement, Full Mutual Release, Waiver of Claims and Covenant Not to Sue" (the "Settlement Agreement") which resolved all the lawsuits, whereby Peak North agreed to assign to Wilkinson a 0.5% of 8/8ths overriding royalty interest in certain oil and gas leases located in North Dakota. See Docket No. 1-3. Lee represented Wilkinson during the negotiation of the Settlement Agreement. Ten percent (10%) of Wilkinson's overriding royalty interest was assigned to Lee as part of the Settlement Agreement. In the Settlement Agreement, Peak North and Wilkinson agreed that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." See Docket No.1-3, ¶ 7.

Pursuant to the Settlement Agreement and by way of an Assignment of Overriding Royalty Interest dated October 4, 2010, ("ORRI Assignment"), Peak North assigned to Wilkinson a 0.45% of 8/8ths overriding royalty interest and Lee 0.05% of 8/8ths overriding royalty interest, proportionately reduced accordingly, in the oil and gas leases in North Dakota. See Docket No. 1-4. The ORRI Assignment provides that all disputes arising from the ORRI Assignment "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither Assignor [n]or Assignee shall have the right to contest jurisdiction or venue." See Docket No. 1-4, ¶ 6.

In conjunction with the execution of the Settlement Agreement and the ORRI Assignment, Wilkinson and Lee both executed "Division Orders" dated October 4, 2010. See Docket Nos. 1-5 and 1-6. Both Division Orders provide that all disputes arising from the Division Order "and/or the

3

transactions contemplated herein shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and Interest Owner shall not have the right to contest jurisdiction or venue." See Docket Nos. 1-5 and 1-6, p. 3.

In December 2010, Peak North merged with Enerplus, with Enerplus being the surviving entity. See Docket Nos. 10-5 and 67-1. Around this same time, an attorney fee dispute arose between Wilkinson and Lee relating to the Settlement Agreement. On or about December 10, 2010, Wilkinson filed suit against Lee in Tribal Court, in a case styled Wilbur D. Wilkinson v. Ervin J. Lee, Civil No. CV-2010-0673. See Docket No. 24-17. In the Tribal Court action, Wilkinson alleged Lee breached the Settlement Agreement and demanded the return of $140,000. In February 2011, the Tribal Court ordered all future payments due from Peak North to Wilkinson and Lee be deposited into the trust account of Wilkinson's attorney, Reed Soderstrom (the "IOLTA Payment Order"). See Docket No. 1-6. The Tribal Court denied Lee's motion to dismiss for lack of jurisdiction, and Lee appealed. See Docket Nos. 24-27 and 24-28. On August 31, 2015, MHA Nation Supreme Court affirmed the Tribal Court's jurisdictional ruling. See Docket No. 24-31. The MHA Supreme Court reaffirmed its jurisdictional ruling on November 30, 2015. See Docket No. 24-34.

Between September 2014 and October 2015, when paying the overriding royalty interest amount due to Wilkinson and Lee, collectively, the Enerplus accounting department, through clerical error, authorized the total deposit of $2,991,425.25 into Soderstrom's IOLTA account. Enerplus was only required to deposit a total of $29,914.10. As a result, Enerplus overpaid Wilkinson and Lee, collectively, by **$2,961,511.15** (the "Excess Money"). See Docket Nos. 1-5 and 1-7. After Enerplus discovered the overpayment, it contacted Wilkinson and Soderstrom in

December 2015, and requested the money be returned. Wilkinson and Soderstrom refused to return the Excess Money.

On or about February 29, 2016, Wilkinson filed suit against Enerplus in Tribal Court in a case styled Wilbur D. Wilkinson v. Enerplus Resources Corporation, Civil No. CV-2016-0079 (the "Tribal Court Case"), alleging Enerplus has breached the Settlement Agreement by not fully paying Wilkinson as required by the Settlement Agreement. See Docket No. 1-8. Enerplus commenced the current action in federal court on May 4, 2016. See Docket No. 1.

On August 30, 2016, this Court entered a preliminary injunction requiring the Excess Money to be deposited with the Court and prohibiting Wilkinson from litigating any disputes arising from the Settlement Agreement, ORRI Assignment, and Division Orders in Tribal Court, and prohibiting the Tribal Court from exercising jurisdiction over Enerplus. See Docket No. 48. The Excess Money was deposited with the Court on October 11, 2016, and remains in the Court's registry account. Wilkinson and Soderstrom appealed the preliminary injunction but this Court refused to stay the case pending the appeal. See Docket Nos. 49 and 55. The Eighth Circuit Court of Appeals affirmed the Court's grant of a preliminary injunction on August 2, 2017. See Docket No. 86.

On February 23, 2017, the Court granted Enerplus' motion summary judgment as to the Excess Money/equitable restitution issue finding Enerplus was entitled to have the Excess Money returned to it. See Docket No. 75. Enerplus has moved to dismiss its claim for an accounting. See Docket No. 79. Enerplus has moved for summary judgment a second time to resolve the remaining issues in the case which are whether the preliminary injunction should be converted to a permanent injunction and whether Enerplus is due attorney fees related to this case or the Tribal Court case. See Docket No. 78. The Court must also decide whether Enerplus is entitled to attorney fees related to the appeal of the preliminary injunction, which the Eighth Circuit remanded to this Court under

Rule 47C(b) of the Federal Rules of Appellate Procedure.

II. **STANDARD OF REVIEW**

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates that no genuine issues of material fact exist and that the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents a sufficient disagreement to require the submission of the case to a jury or whether the evidence is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the responsibility of informing the court of the basis for the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of material fact. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Id.; Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

## III. LEGAL DISCUSSION

### A. TRIBAL COURT JURISDICTION

Enerplus seeks a declaration that the forum selection clauses contained in the Settlement Agreement, the ORRI Assignment, and/or the Wilkinson and Lee Division orders are valid and enforceable terms of the contracts between Enerplus and Wilkinson, which operate to preclude and prohibit the Tribal Court from exercising jurisdiction over any dispute arising in connection with these documents and/or activities and transactions associated therewith.

The Settlement Agreement provides that "any disputes arising under this Agreement and/or the transactions contemplated herein shall be resolved in the United States District Court for the District of North Dakota Northwest Division and such court shall have exclusive jurisdiction hereunder and no party shall have the right to contest such jurisdiction or venue." See Docket No.1-3, ¶ 7.

The ORRI Assignment provides that all disputes arising from the ORRI Assignment "shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and neither Assignor [n]or Assignee shall have the right to contest jurisdiction or venue." See Docket No. 1-4, ¶ 6.

The Division Orders provide that all disputes arising from the Division Order "and/or the transactions contemplated herein shall be resolved in the State Courts of the State of North Dakota or an applicable Federal District Court sitting in North Dakota and such courts shall have exclusive jurisdiction hereunder and Interest Owner shall not have the right to contest jurisdiction or venue." See Docket Nos. 1-5 and 1-6, p. 3.

It is well-established in the Eighth Circuit that parties may waive tribal court jurisdiction and

compliance with the tribal exhaustion doctrine through a forum selection agreement. See FGS Constructors, Inc. v. Carlow, 64 F.3d 1230, 1233 (8th Cir. 1995). "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972)). A forum selection clause is enforceable unless it "would actually deprive the opposing party of his fair day in court." Id. (citing Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590-95 (1991)). The tribal exhaustion doctrine does not apply when the contracting parties have included a forum selection clause in their agreement. FGS Constructors, 64 F.3d at 1233 (concluding exhaustion of tribal court remedies is not required when a valid forum selection clause provides for disputes to be litigated elsewhere); Larson v. Martin, 386 F. Supp. 2d 1083, 1088 (D.N.D. 2005) (concluding "when the negotiating parties have agreed to an appropriate forum, exhaustion of tribal remedies is not required"). Given the forum selection clauses in the Settlement Agreement, the ORRI Assignment, and the Division Orders, the Tribal Court clearly lacks jurisdiction over the case. The record before this Court clearly establishes that every party to the dispute agreed to the forum selection clauses at issue. Thus, Enerplus is entitled to a declaratory judgment that the forum selection clauses at issue preclude the Tribal Court from exercising jurisdiction over any dispute arising from those documents, and preclude Wilkinson from asserting in Tribal Court any claims arising from, and related to those documents.

### B. **ATTORNEYS FEES**

Enerplus contends it is entitled to a declaration that Wilkinson must pay the attorneys fees and costs Enerplus has incurred in this case and the Tribal Court case. In addition, Enerplus has

moved for $36,933.77 in attorney fees relating to its defense of Wilkson's appeal of the Court's grant of a preliminary injunction. See Docket Nos. 89 and 90. Enerplus bases its contention on the attorneys fee provision in the Settlement Agreement and the Wilkinson Division Order. Wilkinson contends this case is primarily about Enerplus' mistaken overpayments, Enerplus should "own its mistake," and the requested appellate attorneys fees are excessive.

Paragraph 16 of the Settlement Agreement provides as follows:

16. **CONTEST OR VIOLATION OF THE AGREEMENT**.

In the event that any party hereto should find it necessary to resort to the courts and/or litigation to enforce the terms and conditions of this Agreement then the prevailing party in any such action or litigation shall be entitled to recover its attorneys fees, costs and expenses through final judgment, including, without limitation, appeal, from the other party.

See Docket No. 1-3, p. 11, ¶ 16.

The relevant portion of the Wilkinson Division Order provides as follows:

INDEMNITY: The Interest Owner [Wilkinson] further agrees to indemnify and hold Payor [Enerplus] harmless from and against any and all claims, causes of action, demands, damages and all other liabilities, whether by formal legal action or by informal claim, allegation, notice or assertion, arising out of or associated with payments made to Interest Owner in accordance with this division order and/or the decimal interest, ownership and payment method set forth above, including, but not limited to, the Interest Owner's repayment to Payor for any and all attorney's fees or judgments incurred in connection with any suit, claim, demand, notice or allegation, whether formal or informal, which affects the Owner's interest herein above described.

See Docket No. 1-5, p. 2.

While the initial clerical error in this case belongs to Enerplus, the attorneys fees and costs were incurred when Wilkinson made the ill-advised decision to refuse to return the overpayment, forcing Enerplus to defend a baseless lawsuit brought by Wilkinson against Enerplus in Tribal Court, pursue this declaratory judgment action in federal court, and then an appeal to the Eighth

9

Circuit Court of Appeals for the return of the money. Wilkinson's failure to return the Excess Money when requested by Enerplus was unconscionable and indefensible, and he has failed to raise any meritorious arguments in this case. Wilkinson's appeal of the Court's order granting a preliminary injunction served only to delay the case and compound the expenses incurred by all the parties.

The Court finds that Wilkinson is bound by terms of both the Settlement Agreement and the Wilkinson Division Order, including the attorney fees and indemnity provisions. See Martin v. Allianz Life Ins. Co. of N. Am., 573 N.W.2d 823, 828 (N.D. 1998) (noting parties to a contract are bound by all its provisions); Hoge v. Burleigh Cty. Water Mgmt. Dist., 311 N.W.2d 23, 31-32 (N.D. 1981) (awarding attorneys fees based indemnity provision). These agreements are contracts between the parties that either party may enforce. See Hastings Pork v. Johanneson, 335 N.W.2d 802, 806 (N.D. 1983). The rights and responsibilities of the parties are governed by the terms of the contract. See Hoge, 311 N.W.2d at 27. The rationale which justifies attorneys fees at the trial stage applies to attorneys fees on appeal. Id. at 31-32. Enerplus is the prevailing party in this case because it successfully prosecuted the action and prevailed on the merits. See Dowhan v. Brockman, 624 N.W.2d 690, 693-94 (N.D. 2001).

Because the terms of the Settlement Agreement and the Wilkinson Division Order provide for the award of attorneys fees, because both parties are entitled to have the terms of their bargain enforced, and because Enerplus is the prevailing party, the Court finds Enerplus is entitled to a declaration that Wilkinson shall pay all reasonable attorneys fees and costs Enerplus has incurred in this case and the Tribal Court Case. The Court also finds that Enerplus is entitled to $36,933.77 in attorneys fees related to Wilkinson's appeal to the Eighth Circuit of the Court's grant of a preliminary injunction. The Court finds this amount to be reasonable as the hours expended (98.5)

are not excessive and the hourly rates charged have been discounted 15% to reflect the higher hourly rates charged in Denver, Colorado as opposed to Bismarck, North Dakota.

IV.     **CONCLUSION**

The Court has carefully reviewed the parties' submissions, and the entire record, and concludes Enerplus is entitled to summary judgment and attorneys fees relating to the Defendant's appeal. Accordingly, the Plaintiff's motion for summary judgment (Docket No. 78) and motion for appellate attorneys fees (Docket No. 90) are **GRANTED**. Enerplus' unopposed motion to dismiss its claim for an accounting (Docket No. 79) is also **GRANTED**. Lee's third-party complaint is **DISMISSED** without prejudice for failure to prosecute and failure to keep the Court apprised of his current mailing address. See Docket No. 61.

Accordingly, the Court **ORDERS** and declares as follows:

(1)     Wilbur D. Wilkinson is permanently enjoined from prosecuting any lawsuits in Fort Berthold District Court or Tribal Court arising from or related to the Settlement Agreement, the ORRI Assignment, and/or the Wilkinson and Lee Division orders.

(2)     The Fort Berthold District Court is permanently enjoined from exercising jurisdiction over Enerplus Resources (USA) Corporation in the Tribal Court case entitled Wilbur D. Wilkinson v. Enerplus Resources Corporation, Civil No. CV-2016-0079 and any other action brought by Wilbur D. Wilkinson against Enerplus Resources (USA) Corporation which might arise from or relate to the Settlement Agreement, the ORRI Assignment, and/or the

11

Wilkinson and Lee Division orders.

(3) The Clerk or Court shall disburse the **$2,961,511.15** held in the Court's registry account, plus all interest which has accrued, to counsel for Enerplus Resources (USA) Corporation; Neal S. Cohen, 1225 17th Street, Suite 2200 Denver, CO 80202, upon receipt of a completed IRS form W-9 or an AO 213 from Enerplus Resources (USA) Corporation. The custodian of the Court Registry Investment System is authorized to deduct all Registry fees and service fees without further Order of the Court.

(4) Wilbur D. Wilkinson shall reimburse Enerplus Resources (USA) Corporation for all reasonable attorneys fees and costs associated with this case and the Tribal Court case entitled <u>Wilbur D. Wilkinson v. Enerplus Resources Corporation</u>, Civil No. CV-2016-0079. This award shall include $36,933.77 for attorneys fees related to Wilkinson's appeal of the Court's grant of a preliminary injunction. Counsel for Enerplus shall submit an itemized statement of cost and attorneys fees in accordance with D.N.D. Civ. L. R. 54.1.

Let Judgment be entered accordingly.

**IT IS SO ORDERED**.

Dated this 2nd day of November, 2017.

             */s/ Daniel L. Hovland*
             Daniel L. Hovland, Chief Judge
             United States District Court